UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRAIG E. ALLEN,

    Plaintiff(s),

v.

SEATTLE PUBLIC SCHOOLS, et al.,

    Defendant(s).

NO. C08-703MJP

ORDER ON DEFENDANT SEATTLE EDUCATION ASSOCIATION'S MOTION TO DISMISS & FOR MORE DEFINITE STATEMENT

The above-entitled Court, having received and reviewed:

1. Defendant Seattle Education Association's Motion to Dismiss & for More Definite Statement (Dkt. No. 9)

2. Defendant Seattle Public Schools Response (Dkt. No. 12)

3. Plaintiff's Answer to Defendant SEA Motion (Dkt. No. 14)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS ORDERED that the motion is GRANTED IN PART and DENIED IN PART; the motion to dismiss is DENIED, and the motion for more definite statement is GRANTED.

IT IS FURTHER ORDERED that Plaintiff will not be required to submit an amended complaint until he has had a reasonable opportunity to secure legal representation.

**Background**

Plaintiff is a teacher with the Seattle Public School District ("the District") and is representing himself in an action against the District and his teachers' union. It appears from Plaintiff's complaint that he was accused of sexual relations with a student, cleared of the charges, then tried to file a grievance concerning the way the investigation was handled. Plaintiff alleges discrimination in the handling of the investigation by Defendant Seattle Public Schools and in Defendant Seattle Education

**ORD ON MTN
TO DISMISS - 1**

Association's failure to process his grievance in accordance with the collective bargaining agreement. He also claims retaliation following his filing of an EEOC complaint.

The defendant teachers' union, Seattle Education Association ("SEA"), requests that:

1. Plaintiff's claim for "negligent" violation of constitutional rights be dismissed as not legally cognizable;
2. The remainder of Plaintiff's claims (except his racial discrimination claim) be dismissed as pre-empted by the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA); and
3. Plaintiff be ordered to make a more definite statement pursuant to FRCP 12.

The District filed a tag-along motion joining SEA's request for a more definite statement.

**Discussion**

Motion to Dismiss

Defendant SEA cites to several cases holding that there is no recognized claim for negligent violation of constitutional rights. *See, e.g.,* Daniels v. Williams, 474 U.S. 327, 330-32 (1986). Plaintiff does use the words "negligent" and "negligently" in his allegations of constitutional violations, but he is an unsophisticated lay litigant and the Court will not hold him to the literal legal meanings of those terms. He also uses terms such as "being singled out," "being retaliated against," "discriminatory" and "discrimination," terms which properly allege the requisite level of intention to pass constitutional muster.

Liberal construction is the standard when pleadings are challenged; FRCP 8 (General Rules of Pleading) contains "a powerful presumption against rejecting pleadings for failure to state a claim." Gilligan v. Jamco Develop. Corp., 108 F.3d 246, 249 (9th Cir. 1997). Pleadings of pro se litigants are held to even less rigid standards than those drafted by attorneys. Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001). They must exceed "some minimum threshold" in terms of notifying defendants what they are alleged to have done wrong (Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir.

**ORD ON MTN
TO DISMISS - 2**

1995), but Plaintiff's complaint satisfies that standard: he clearly alleges that the investigation against him was conducted in a discriminatory fashion and that he did not receive proper due process from his union when he filed a grievance about it.  Furthermore, he identifies the federal statutes he believes to have been violated – "Title VII Employment Discrimination, 42 USC 1983 Civil Rights, [and] Federal Wage Discrimination."  Complaint, p. 2.  Plaintiff will not be disqualified from seeking redress because of his unartful use of the legal term "negligent."

SEA goes to some lengths to characterize Plaintiff's claims against it as nothing more than alleged violations of the "duty of fair representation" to which unions are obligated under § 301(a) of the LMRA.  In fact, Plaintiff's claims could be fairly categorized as violations of the union's duty to him under the collective bargaining agreement ("CBA").

The union goes on to argue, based on its labor law characterization of Plaintiff's pleadings, that his state-law tort claims against the union are therefore pre-empted.  The Court's reading of Plaintiff's complaint discloses no state-law tort claims (unless SEA's argument is simply a further reference to Plaintiff's uninformed use of the terms "negligent" or "negligently;" that argument has already been addressed).

Perhaps more significantly, SEA claims that, under the LMRA, all Plaintiff's claims (except his racial discrimination claims) are time-barred, citing a Supreme Court case holding that these cases are governed by the six-month statute of limitations established by the National Labor Relations Act.  DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151 (1983).  The LMRA claims accrue "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation."  Chrysler Workers Assoc. v. Chrysler Corp., 834 F.2d 573, 581 (6th Cir. 1987), *cert. denied*, 486 U.S. 1033 (1988).  On this basis, Plaintiff's claims (which arise out of a June 2007 grievance request) might well fall outside the statute of limitations.

**ORD ON MTN TO DISMISS - 3**

SEA is not on solid legal ground, however, in their characterization of Plaintiff's claims as "strictly" LMRA violations. Plaintiff doesn't bring any claims specifically under the LMRA, but if these were straight labor union grievance claims, then his complaint might be confined to that legal arena. However, there is case law in other circuits which recognizes that, where labor grievances and constitutional rights intersect, a plaintiff is not restricted to pleading claims only under under the LMRA.

In <u>Maegdlin v. Internat'l Ass'n of Machinists and Aerospace Workers</u>, 309 F.3d 1051, 1053 (8th Cir. 2002), the plaintiff was permitted to bring an action alleging "breach of duty of fair representation" under LMRA originally, then amend to include a Title VII claim:

> We note that Mr. Maegdlin's mere use of the phrase "breach of duty of fair representation" in his original complaint does not, in and of itself, necessarily signify that Mr. Maegdlin intended to bring his action under the Labor Management Relations Act (LMRA), *see* 29 U.S.C. § 185. Indeed, a plaintiff may bring an action under Title VII. . . if his union, for discriminatory reasons, breaches its duty to represent him fairly in the handling of his complaints and grievances.

And the U.S. Supreme Court cited with approval a District Court ruling on this issue:

> As the District Court said: "A union which intentionally avoids asserting discrimination claims, either so as not to antagonize the employer and thus improve its chances of success on other issues, or in deference to the perceived desires of its white membership, is liable under both Title [VII] and § 1981, regardless of whether, as a subjective matter, its leaders were favorably disposed toward minorities." 580 F.Supp. at 1160.

<u>Goodman v. Lukens Steel Co.</u>, 482 U.S. 656, 669 (1987).

Similarly, a union has been found vulnerable to § 1983 claims if the union's CBA is with a <u>public</u> employer:

> If the collective bargaining agreement is with a *public* employer (state or local). . . both the public employer and the union can be held liable in a suit under 42 U.S.C. § 1983 for violating the nonmembers' right of free speech under the First Amendment (made applicable to the states by interpretation of the Fourteenth Amendment). See

**ORD ON MTN**
**TO DISMISS - 4**

> *Abood v. Detroit Board of Education,* 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977)

<u>Gilpin v. American Federation of State, County, and Mun. Employees, AFL-CIO</u>, 875 F.2d 1310, 1312 (C.A.7 (Ill.) 1989).

Although SEA does not argue that it is only liable under the LMRA and nothing else, the Court fails to see what allegations in Plaintiff's pleadings would be pre-empted by that statute.. A liberal construction of Plaintiff's pleadings (which the Court is required to make) reveals claims against the union based on Title VII and § 1983 violations, and there is precedent for holding unions liable on Title VII and § 1983 claims. SEA did not brief the issue of whether Plaintiff's constitutional claims are vulnerable to statute of limitations defenses. Its motion to dismiss Plaintiff's claims is DENIED.

<u>Motion for a More Definite Statement</u>

The Court finds both defendants' motions for a more definite statement to be well-taken. It is very difficult to ascertain from Plaintiff's complaint exactly what he is alleging happened and what actions constitute his claimed violations. He could use the assistance of a legal professional in drafting his complaint.

In fact, Plaintiff's Complaint asks "[f]or leave of the court to obtain an attorney for proper representation." Complaint, ¶ 14, p. 6. The Court, at a scheduling conference held on September 4, 2008, directed Plaintiff to contact the King County Bar Association's Lawyer Referral division to explore the possibility of obtaining counsel to pursue his action. It appears that he has at least a colorable case of racial discrimination and failure of the duty to represent and needs help shaping his allegations and legal arguments to effectively present his claims. Not only would this assist Plaintiff, it would assist the Court and would help keep down the legal costs of all parties as this litigation proceeds forward.

**ORD ON MTN**
**TO DISMISS - 5**

Plaintiff is ordered to contact the King County Bar Association's Lawyer Referral division and pursue the securing of legal representation. If he has not obtained counsel by September 26, 2008, he is ordered to file a report with the Court indicating the status of his efforts. He will not be required to file an amended complaint with a more definite statement until the issue of his legal representation is resolved.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: September __23_, 2008

Marsha J. Pechman
U.S. District Judge