UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRAIG E. ALLEN,

        Plaintiff(s),

v.

SEATTLE PUBLIC SCHOOLS and SEATTLE EDUCATION ASSOCIATION,

        Defendant(s).

NO. C08-703MJP

ORDER ON MOTIONS and DISMISSING CASE

The above-entitled Court, having received and reviewed:

1. Defendant Seattle Education Association Motion to Dismiss (Dkt. No. 31)
2. Defendant Seattle Public Schools Motion to Dismiss or Compel Written Discovery (Dkt. No. 33)
3. Plaintiff's Motion to Amend Complaint (Dkt. No. 37)
4. Defendants' Responses to Motion to Amend Complaint (Dkt. Nos. 39 and 42)
5. Plaintiff's Motion to Continue Discovery Deadline (Dkt. No. 38)
6. Defendants' Responses to Motion to Continue Discovery Deadline (Dkt. Nos. 40 and 41)

and all attached exhibits and declarations, makes the following ruling:

IT IS ORDERED that Plaintiff's Motions to Amend Complaint and Continue Discovery Deadline are DENIED.

IT IS FURTHER ORDERED that Defendants' Motions to Dismiss are GRANTED, and this matter is DISMISSED WITH PREJUDICE.

**ORDER ON MTNS
AND TO DISMISS - 1**

**Background**

On May 5, 2008, Plaintiff (a public school teacher) filed a complaint in this district alleging employment discrimination as well as civil rights and contractual violations arising out of an investigation conducted by the Defendant Seattle Public Schools ("the District") into allegations of improper conduct on his part, and out of the allegedly improper handling of his grievances by his union, Defendant Seattle Education Association ("SEA"). At the time the lawsuit was initiated, Plaintiff was representing himself *pro se*.

At the request of Plaintiff, a scheduling conference was held in his case on September 4, 2008. During the course of that conference, Mr. Allen expressed an interest in obtaining representation. Mr. Allen was advised that he would be given time to pursue that possibility, and was informed by the Court that in civil rights matters fee-shifting statutes encourage attorneys to take on worthy cases on a contingency basis. The minute order memorializing the conference contained the following paragraph:

> The Court directed Plaintiff to contact the King County Bar Association lawyer referral service and attempt to retain an attorney. Mr. Allen is to submit a report to the Court by September 18, 2008. At that time, if Mr. Allen shows that his efforts to retain an attorney have been unsuccessful, the Court will consider referring his case to this district's pro bono panel.

Dkt. No. 24. While the Court advised Plaintiff that he had every right to represent himself, based on his stated desire for representation he was ordered to file a status report indicating what efforts he had made in his own behalf; he never filed the report.

Shortly after Defendant SEA appeared in the case, the union filed a motion to dismiss or for a more definite statement (Dkt. No. 9). While the motion to dismiss was denied, the Court granted the motion for a more definite statement, finding Plaintiff's original complaint to be unclear and unartfully drafted. Dkt. No. 27. Plaintiff was ordered to file an amended complaint, but was permitted to postpone that obligation until he had found legal representation. Based on his stated intention to get an attorney to assist him, Plaintiff was again ordered "to contact the King County Bar Association's

**ORDER ON MTNS
AND TO DISMISS - 2**

Lawyer Referral division and pursue the securing of legal representation. If he has not obtained counsel by September 26, 2008, he is ordered to file a report with the Court indicating the status of his efforts." Id. Again, that deadline came and went without a report from Plaintiff.

In fact, for many months thereafter Plaintiff neither obtained counsel nor filed an amended complaint. Discovery was nonetheless conducted with both sides exchanging interrogatories and requests for production. A case schedule was also in place (Dkt. No. 26) and certain pretrial deadlines (expert witness disclosure/reports, discovery motions) passed without any indication that Plaintiff was moving forward with the prosecution of his claims.

On February 9, 2009, at the request of defense counsel, a phone conference was conducted between the Court, counsel for Defendants and Plaintiff (who was still unrepresented). Plaintiff had been served with a deposition notice on January 16, 2009 (see District Mtn to Dismiss, Decl. of Jackson, Ex. 3) and (without having filed a protective order or motion to quash) had notified counsel two business days before the deposition date that he was not going to attend. Id., Ex. 4. The phone conference was held to address that issue. At the conclusion of the phone discussion with all parties, the Court ordered Plaintiff to either have an attorney file a notice of appearance in his behalf or appear at the deposition the following day. Dkt. Nos. 28 and 29. The Court even agreed that the deposition could take place in the U.S. Courthouse so that Plaintiff could have a neutral location in which to be examined. In a phone conference between Plaintiff and counsel for the District following the discussion with the Court, Plaintiff was advised that if he failed to appear at the deposition the next day, Defendants would file a motion asking the Court to dismiss his claims. Decl. of Jackson, Ex. 2.

No notice of appearance was filed. At the scheduled time for the deposition, Mr. Allen failed to appear. Id. The following day, both defendants filed motions to dismiss accompanied by declarations outlining counsel's efforts to obtain Mr. Allen's deposition testimony. Additionally, the District's motion addressed the inadequacy of Plaintiff's interrogatory responses and requested, in the

alternative, that Plaintiff be ordered to respond properly and adequately to the parties' discovery requests.

Plaintiff did not respond to those motions in a timely manner, and in fact has never filed responsive briefing addressing the dismissal request. Instead, on March 6, 2009 attorney Leanne M. Lucas filed a notice of appearance on behalf of Plaintiff, along with two motions – a motion to amend his complaint and a motion to continue the discovery deadline. Dkt. Nos. 36, 37 and 38. Defendants responded to those motions (see Dkt. Nos. 39, 40, 41 and 42); Plaintiff never filed a reply to those responses.

**Discussion**

It is hard to know where to begin unraveling the procedural puzzles of this case. Why did Plaintiff delay so long in obtaining representation? Why, after being ordered by the Court to do so, did he fail to appear at his deposition? Why, after finally obtaining counsel, did his attorney ignore two pending motions to dismiss and simply file a motion to amend and a motion to continue discovery as though there was nothing else to consider? And finally, why was there no response to Defendants' pointed objections to Plaintiff's request to continue forward with the case as though nothing had happened?

There may never be answers to all these questions and, ultimately, the Court's role is to decide how to proceed from this point based on the pleadings and record before it. Turning first to Plaintiff's motions, the Court finds them completely inadequate and non-meritorious. Setting aside for the moment the fact that they fail to address Defendants' motion to dismiss or attempt any admissible explanation of Plaintiff's failure to obey the orders of this Court and the rules of federal civil procedure, the motions themselves are simply insufficient.

FRCP 7(b) requires a party seeking to amend to "state with particularity" the grounds for the amendment. Plaintiff's motion to amend lacks anything more than an unsupported declaration of

1 Plaintiff's counsel that "[f]or my client to be provided a fair trial and full and competent

2 representation, the complaint of May 5, 2008 must be amended." Decl. of Lucas, p. 2. Plaintiff has

3 provided neither a statement concerning the nature of the proposed amendment nor a copy of the

4 proposed Amended Complaint for the Court's consideration.

5 Both motions contain an identical "Statement of Facts" which contains both inadmissible and

6 erroneous statements. Plaintiff's counsel states that "Mr. Allen was not present at the deposition on

7 February 10, 2009 because of a medical emergency." Pltf. Mtns, p. 2. There is no declaration of

8 Plaintiff or supporting medical documentation to corroborate this claim, and no evidence that

9 Plaintiff's attorney is competent to testify to this event. The Court will disregard the statement in both

10 motions. There is also an assertion that "Judge Pechman. . . ordered Mr. Allen to provide his

11 counsel's Notice of Appearance by March 6, 2009." Id. There is no such order in the record; what

12 the record does show is that Plaintiff was ordered to file Notice of Appearance of counsel by the close

13 of business on February 9, 2009 or appear at his deposition the following day. Dkt. No. 29.

14 Plaintiff's motion to continue the discovery deadline suffers from a complete absence of any

15 demonstration of good cause, either in the form of an explanation for why he delayed retaining counsel

16 until eight days before the original discovery deadline or a demonstration of what discovery he has not

17 yet obtained and why he was unable to obtain it within the schedule as set. The Court has been

18 provided no basis for granting this motion.

19 Turning next to Defendants' motions to dismiss, the Court is mindful of the admonition that

20 "[d]ismissal. . . [is] authorized only in 'extreme circumstances.'" Wiltec Guam, Inc. v. Kahaluu Constr.

21 Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988) (quoting Fjelstad v. American Honda Motor Co., Inc.,

22 762 F.2d 1334, 1338 (9th Cir. 1985)). Such a dire sanction is only permissible in the face of the

23 "willfulness, bad faith or fault of the [opposing] party." Id. (quoting Wyle v. R.J. Reynolds Indus.,

24 Inc., 709 F.2d 585, 589 (9th Cir. 1983)).

25

26 **ORDER ON MTNS AND TO DISMISS - 5**

The Court finds that Plaintiff's conduct in this case has been willful – in the absence of any explanation by Mr. Allen, there is no other term to describe his behavior in the face of a Court order to appear at deposition and the warning of counsel that a motion to dismiss would be filed if he failed to do so. This conclusion is only strengthened by the failure of Plaintiff to either report to the Court on his efforts to obtain counsel or to file a more definite statement of his claims, as ordered by the Court in September 2008. His eleventh-hour production of a Notice of Appearance by an attorney, in the wake of motions to dismiss by the defendants, does nothing to diminish this characterization of willful disregard of the Court's orders and the rules of civil procedure.

FRCP 37(b) accords the Court wide-ranging powers to sanction non-compliance with Court orders. The standard for dismissal as an FRCP 37(b) sanction is found in Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004), in the form of a five-part test:

> In deciding whether a sanction of dismissal or default for noncompliance with discovery is appropriate, the district court must weight five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Id. (citations omitted.)

The first two factors weigh in favor of dismissal. Plaintiff filed a vague and confusing pleading to initiate this litigation and then for five and a half months ignored both the Court's invitation to seek counsel and the Court's orders to file status reports about his quest for representation and to file a more definite statement. Notwithstanding the lack of clarity in Plaintiff's claims, Defendants pressed forward with discovery and attempted to clarify the nature of Plaintiff's allegations and injuries through traditional procedural channels of interrogatories, requests for production and depositions. Mr. Allen's response to attempts to depose him has been discussed in detail *supra*. The Court has reviewed his responses to Defendants' interrogatories and requests for production (Decl. of Jackson, Exh. 8) and finds them inadequate, replete with improper and unfounded objections and stripped of

relevant and required information which is in Plaintiff's possession. It is no exaggeration to say that Plaintiff's noncompliance with the Court's orders and refusal to abide by proper federal civil procedures has stalled this lawsuit to a standstill, impacting the defendants' right to due process and the Court's obligation to manage its caseload.

Regarding the third <u>Brotby</u> factor, the prejudice which has accrued to Defendants as a result of Plaintiff's conduct is substantial. The combination of Plaintiff's unclear complaint, his improper and obstructive responses to legitimate requests for discovery and his refusal to appear for deposition has resulted in a complete lack of information on Defendants' part regarding what Plaintiff is claiming and upon what legal theories he is relying. With a trial date only four months away, the defendants have no information from which to prepare their defense. The third factor of the <u>Brotby</u> test also indicates the necessity of dismissal.

The fifth factor to be considered is whether less drastic sanctions will achieve the desired result. Plaintiff's conduct to date leaves little room for doubt that lesser sanctions will be ineffective. He has ignored direct orders of this Court on three occasions, failed to appear for a properly-noticed deposition, filed improper responses to the oppositions' discovery requests, and failed to respond to two motions to dismiss or to file reply briefing in support of his own motions. Nothing in his behavior to date suggests that lesser sanctions would insure compliance with the Court's orders or the rules of civil procedure.

Only the fourth <u>Brotby</u> factor – the public policy favoring the resolution of cases on their merits – weighs against dismissal in this matter. This consideration, though hardly insignificant, is not sufficient to outweigh all the other factors which favor dismissal. The Court is further guided in this regard by the knowledge that Plaintiff has a similar lawsuit pending in state court (<u>Allen v. Seattle School District No. 1, et al.</u>, King County Superior Court Case No. 08-2-23574). He is represented

by counsel in that matter and it is hoped that he will be more diligent and compliant in pursuing his remedies in that forum.

Having determined that dismissal is the appropriate sanction in this case, the Court will not address Defendant Seattle Public Schools' alternate request to compel proper responses to their written discovery requests.

**Conclusion**

Plaintiff's motions to amend his complaint and continue the discovery deadline in this case are inadequately plead and supported, and will be DENIED.

Defendants' motions to dismiss are supported by Plaintiff's willful conduct in disregard of the Court's orders and the rules of civil procedure, and by four of the five Brotby factors. Defendants' motions to dismiss will be GRANTED, and this matter is hereby DISMISSED WITH PREJUDICE.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: April _13_, 2009

Marsha J. Pechman
U.S. District Judge